IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-00180-01-CR-W-HFS |
| | ) | |
| JONATHAN GOOD, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Pending is Defendant's Motion to Reconsider Bond filed on October 12, 2021. Doc. 17. The Government filed its opposition on October 25, 2021. Doc. 18. Defendant filed reply suggestions on November 8, 2021. Doc. 19. After carefully reviewing the record and the parties' briefing, the Court finds Defendant's motion should be **DENIED**.

## I. Background

On July 21, 2021, the grand jury returned an indictment that charged Defendant with one count of being a felon in possession of a firearm.[1] Doc. 1. Defendant was arrested on July 26, 2021 and made his first appearance in court. Doc. 5. The United States moved for a detention hearing. Doc. 3. On July 29, 2021, the Court held an arraignment and detention hearing. Doc. 11. During the detention hearing, the parties stipulated that if called to testify, the United States Pretrial Services Officer would testify consistently with the pretrial report (Doc. 9) prepared in this matter. Doc. 11. No additional evidence was offered by either party on the issue of detention.

At the conclusion of the detention hearing, the Court determined Defendant should be detained pending further proceedings. Doc. 12. As stated in the detention order, Defendant faces

---

[1] The indictment alleges a violation of the Armed Career Criminal Act, 18 U.S.C. § 924(e), with a corresponding range of punishment of no less than fifteen years' imprisonment and no more than life imprisonment. Doc. 1 at 1.

a potential lengthy period of incarceration if convicted; he has a significant criminal history; he has participated in criminal activity while on probation, parole, or supervision; he has a history of violence or use of weapons; he has a history of alcohol or substance abuse; he lacks stable employment; he has failed to appear in court previously; and he has prior violations of probation, parole, or supervised release. *Id.* at 2-3. The Court also observed Defendant's significant criminal history included multiple offenses of assault and domestic violence. *Id.* at 3. Regarding one of the prior assault convictions, there was evidence that Defendant, who was on parole supervision at the time, ran over the victim with his vehicle. *Id.* The Court also noted Defendant had multiple bond and/or probation violations, failed to appear for prior court proceedings, and absconded from parole supervision. *Id.* Based on this evidence, the Court concluded no condition or combination of conditions of release would reasonably assure the safety of any other person and the community and would reasonably assure Defendant's appearance as required. *Id.* at 2.

On October 12, 2021, Defendant moved for reconsideration of the detention order. Doc. 17. He contends that since the initial detention hearing, he and his family have "worked to put together a plan that might address the Court's concerns," asks that "his bond be reconsidered," and "he be released pending disposition." *Id.* at 1. Defendant submits he applied to Imani House to live there and receive residential drug treatment. *Id.* The motion also avers he has arranged for employment, mental health counseling, volunteering opportunities, church service, and Narcotics Anonymous or Alcoholics Anonymous meetings. *Id.* at 1-2. In its opposition filed on October 25, 2021, the Government contends Defendant's proposed release plan does not overcome the Court's prior findings concerning his documented history of violence and continued potential dangerousness nor does his plan offer any reasonable assurances for the community's safety. Doc.

2
Case 4:21-cr-00180-HFS   Document 20   Filed 12/01/21   Page 2 of 5

18 at 2.  On November 8, 2021, Defendant filed a brief reply to which his application to the Imani House was attached as an exhibit.  Docs. 19, 19-1.

II. **Discussion**

A detention hearing may be reopened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).  By its express terms, this provision applies to reconsideration of a detention order and provides that reconsideration is permissible "only when there is new information that would materially influence the judgment" concerning potential flight risk and potential harm to any other person or the community.  *United States v. Cisneros,* 328 F.3d 610, 614 (10th Cir. 2003).

The Court finds the newly proffered information concerning Defendant's potential drug treatment, mental health counseling, employment, and volunteer opportunities does not have a material bearing on the issue of whether there are conditions of release that will reasonably assure his appearance in Court and the safety of any other person and the community.  The Court further finds the newly proffered information does not warrant reopening the detention hearing.

Defendant is charged with a serious crime and faces a mandatory minimum prison sentence of fifteen years if convicted.  He has several prior assault convictions from municipal court. Further, he has felony convictions for domestic assault and unlawful use of a weapon in 2012 for grabbing a victim by her arm and pulling her into the woods at gunpoint.  In 2014, Defendant was convicted of two counts of second-degree domestic assault, two counts of unlawful use of a weapon, one count of armed criminal action, and one count of violating an adult order of protection.  The 2014 case involved two separate instances of assaulting the mother of his child.

In one instance, Defendant brandished a firearm and discharged it into the air during an altercation. In the second instance, he pointed a gun at the victim and then grabbed her neck after a struggle over the weapon. In 2019, Defendant was convicted of third-degree domestic assault for striking the victim with his vehicle and driving over her right leg. At the time of the detention hearing, Defendant also had pending charges in Jackson County, Missouri for second degree burglary, first degree harassment, and second-degree property damage.

The offense conduct involved in the 2012, 2014, and 2019 convictions was aggravating in nature, displayed violent and troubling behavior, and in several instances, involved brandishing or discharging a firearm. The facts from these prior cases clearly establish a risk of danger to the community and other persons. The newly proffered information does not negate or alleviate the Court's concerns about the safety of other persons and the community. These risks will remain present if Defendant is released subject to his proposed plan. Further, due to the evidence of prior instances of absconding, failing to appear in court, and violating conditions of probation, parole, or bond, the newly proffered evidence does not alleviate the risk of non-appearance.

The Court appreciates the efforts of Defendant and his family to identify residential drug treatment, employment, continued mental health counseling, and volunteer opportunities. Standing alone, the proposed plan could certainly benefit Defendant. However, the evidence concerning Defendant's history and characteristics, including his criminal history and his poor adjustment to supervision in the past, justified the initial findings made in the detention order. The newly proffered information in the pending motion does not have a material bearing on the issue of whether there are conditions of release that will reasonably assure Defendant's appearance at future court proceedings and the safety of other persons and the community. Based on its careful review of the entire record, the Court finds continued detention is warranted.

4

Case 4:21-cr-00180-HFS   Document 20   Filed 12/01/21   Page 4 of 5

Based on the foregoing, Defendant's Motion to Reconsider Bond (Doc. 17) is **DENIED**. Defendant shall remain detained in the custody of the United States Marshal pending further proceedings in this case.

**IT IS SO ORDERED.**

DATE: December 1, 2021

                                         */s/ W. Brian Gaddy*
                                         W. BRIAN GADDY
                                         UNITED STATES MAGISTRATE JUDGE